# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 03/16/2020 08:24 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV10794

**SUMMONS**
*(CITACION JUDICIAL)*

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE CORPORATION, and DOES 1 TO 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANA BARRAZA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior Court of California, County of Los Angeles 312 North Spring Street Los Angeles, California 90012 | 20STCV10794 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ALDERLAW, PC | Michael Alder (SBN 170381) / Cioffi C. Remmer (SBN 262663), 1875 Century Park East, Suite 1500, Los Angeles, CA 90067 (310) 275-9131; LARIAN LAW FIRM | Alexander M. Larian (SBN 289743), 8383 Wilshire Blvd., Suite 800, Beverly Hills, CA 90211 (323) 456-8866

DATE: *(Fecha)* 03/16/2020
Clerk, by *(Secretario)* R. Clifton , Deputy *(Adjunto)*

Sherri R. Carter Executive Officer / Clerk of Court

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

   *Costco wholesale corporation*
3. [✓] on behalf of *(specify):*

   under: [✓] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Case 2:20-cv-05212  Document 1-1  Filed 06/11/20  Page 3 of 44  Page ID #:8
Electronically FILED by Superior Court of California, County of Los Angeles on 03/16/2020 08:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Clifford, Deputy Clerk
20STCV10794

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Thomas Long

**ALDERLAW, PC**
Michael Alder, Esq. (SBN 170381)
Cioffi C. Remmer, Esq. (SBN 262663)
1875 Century Park East, Suite 1500
Los Angeles, CA 90067
Tel: (310) 275-9131; Fax: (310) 275-9132
cmalder@alderlaw.com
cremmer@alderlaw.com

**LARIAN LAW FIRM**
Alexander M. Larian, Esq. (SBN 289743)
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
Tel: (323) 456-8866; Fax: (844) 579-8630
alarian@larianlaw.com

Attorneys for Plaintiff,
ANA BARRAZA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| ANA BARRAZA, | CASE NO.: 20STCV10794 |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES** |
| COSTCO WHOLESALE CORPORATION, and DOES 1 TO 50, | **PREMISES LIABILITY** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiff ANA BARRAZA and complains against Defendants COSTCO WHOLESALE CORPORATION; and DOES 1-50, inclusive, and each of them, as follows:

## GENERAL ALLEGATIONS

1.     Plaintiff ANA BARRAZA is now, and at all relevant times was, an adult domiciliary of the State of California, County of Los Angeles.

**COMPLAINT FOR DAMAGES**

2.     Plaintiff is informed and believes, and thereupon alleges, that Defendant COSTCO WHOLESALE CORPORATION, is now, and at all relevant times was, a corporation incorporated in Washington and doing business in Los Angeles County, California.

3.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, and each of them, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named defendant is negligent or otherwise responsible in some manner for the occurrences alleged in this Complaint and that Plaintiff's injuries and damages were legally caused by Defendants' negligence or other conduct.

4.     Plaintiff is informed and believes that Defendants, and each of them, were at all times relevant agents, servants, and employees of each other and, in doing the things herein alleged, were acting within the scope and authority of such agency and employment and were, in some way, negligently or otherwise, responsible for the events herein alleged.

5.     The acts alleged in this Complaint occurred on or about August 21, 2018, when Plaintiff Ana Barraza slipped and fell and was injured at or near Defendant Office Costco Wholesale Corporation's retail warehouse store located at 6100 Sepulveda Boulevard, Van Nuys, California, which was owned by Defendant Costco Wholesale Corporation and/or DOES 1 to 10 (hereafter "premises").

6.     Upon information and belief, it is alleged that the acts and omissions of Defendants, and each of them, were a substantial factor in causing personal injury, economic and non-economic damages to Plaintiff, including but not limited to past and future medical expenses, loss of earnings, loss of earnings capacity, physical pain, mental suffering and emotional distress general damages.

AlderLaw, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AlderLaw, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

## **FIRST CAUSE OF ACTION**

### **(Negligence - Premises Liability Against All Defendants)**

7.    Plaintiff hereby re-alleges and incorporate by reference each and every preceding paragraph as through fully set forth herein.

8.    At all relevant times and locations, Defendants, and each of them owed a duty of care to Plaintiff and all reasonably foreseeable people, to own, maintain, manage, plan, design, control, operate, install, build, stock, and service the premises and/or its constituent parts in a reasonable manner, including using reasonable care in the hiring, training, oversight, supervision, and employment of their employees.

9.    Defendants breached such duty when Defendants, and each of them, negligently, carelessly, recklessly, and/or unlawfully owned, operated, maintained, managed, planned, designed, controlled, installed, built, stocked, and/or serviced the premises and/or its constituent parts in such a way as to cause an unreasonable risk of harm to Plaintiff and others similarly situated, including but not limited to failure to prevent, clean, warn, inspect, construct, or otherwise maintain its floors and other appliances such that it caused Plaintiff to slip on liquid on its floor which leaked from an overhead air-conditioner.

10.    The conduct of Defendants, and each of them, was a substantial factor in causing Plaintiff Ana Barraza's serious bodily harm and damages.

11.    As a direct result of this negligent conduct, Plaintiff Ana Barraza suffered permanent harm and damages, including past and future medical expenses, past loss earnings and loss of future earnings capacity, special damages, and general damages in an amount to be determined by the trier of fact.

12.    As a legal result of the negligence of Defendants, and each of them, Plaintiff sustained general damages including, but not limited to past and future physical pain, emotional distress, and mental suffering, in an amount to be determined by the trier of fact.

3

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.      For past and future special damages;

2.      For past and future general damages;

3.      For pre- and post- judgment interest allowable by law;

4.      For costs of suit incurred herein; and

5.      For such further and other relief as the Court may deem proper.

DATED:  March 16, 2020                    **ALDERLAW, PC**

By: _____
Michael Alder, Esq.
Cioffi C. Remmer, Esq.
Attorneys for Plaintiff,
ANA BARRAZA

## DEMAND FOR JURY TRIAL

Plaintiff ANA BARRAZA hereby demands as of right a trial by jury on all causes of actions in this matter.

DATED:  March 16, 2020                    **ALDERLAW, PC**

By: _____
Michael Alder, Esq.
Cioffi C. Remmer, Esq.
Attorneys for Plaintiff,
ANA BARRAZA

AlderLaw, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

4

**COMPLAINT FOR DAMAGES**

| SHORT TITLE: Ana Barraza v. Costco Wholesale Corporation, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☒ A7250  Premises Liability (e.g., slip and fall) | 1, 4, (11) |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Ana Barraza v. Costco Wholesale Corporation, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Ana Barraza v. Costco Wholesale Corporation, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Ana Barraza v. Costco Wholesale Corporation, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the
type of action that you have selected. Enter the address which is the basis for the filing location, including zip code.
(No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☒ 11. | ADDRESS:<br>6100 Sepulveda Blvd. | |
|---|---|---|
| CITY:<br>Van Nuys | STATE:<br>CA | ZIP CODE:<br>91411 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u>               District of
the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>March 16, 2020</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY
COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev.
02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a
minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum
must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles **03/16/2020** Sherri R. Carter, Executive Officer / Clerk of Court By: _____ R. Clifton _____ Deputy |
| NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER: 20STCV10794 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Thomas D. Long | 31 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     Sherri R. Carter, Executive Officer / Clerk of Court

on 03/18/2020 _____
       (Date)

By R. Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)         **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)     **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

**FILED**
Superior Court of California
County of Los Angeles

**FEB 24 2020**

2020-SJ-002-00

Sherri R Carter, Executive Officer/Clerk
By_____ Deputy
Corina Adona

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

IN RE PERSONAL INJURY        ) CASE NO.:
COURT ("PI COURT") PROCEDURES  )
SPRING STREET COURTHOUSE    ) FIRST AMENDED STANDING ORDER
(EFFECTIVE FEBRUARY 24, 2020)    ) RE: PERSONAL INJURY PROCEDURES
_____) AT THE SPRING STREET COURTHOUSE

---

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS
REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

    DATE: __8/30/2021_____ AT 10:00 A.M.

**TRIAL:**

    DATE: __9/13/2021_____ AT 8:30 A.M.

**OSC RE DISMISSAL
(CODE CIV. PROC., § 583.210):**

    DATE: __3/13/2023_____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

    Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

1.      To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1) (A)).

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

        ☐  A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

        ☐  A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

        ☐  A7260 Product Liability (not asbestos or toxic/environmental)

        ☐  A7210 Medical Malpractice – Physicians & Surgeons

        ☐  A7240 Medical Malpractice – Other Professional Health Care Malpractice

        ☐  A7250 Premises Liability (e.g., slip and fall)

        ☐  A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

        ☐  A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

2020-SJ-002-00

1    90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2    **FILING OF DOCUMENTS**

3    2.      With the exception of self-represented litigants or parties or attorneys that have obtained

4    an exemption from mandatory electronic filing, parties must electronically file documents.

5    Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed

6    in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online

7    at www.lacourt.org (link on homepage).

8    **SERVICE OF SUMMONS AND COMPLAINT**

9    3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

10    soon as possible but no later than three years from the date when the complaint is filed

11    (C.C.P. § 583.210, subd. (a)). On the OSC re Dismissal date noted above, the PI Court will

12    dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action

13    or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14    4.      The Court sets the above trial and final status conference ("FSC") dates on the condition

15    that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six

16    months of filing the complaint.

17    5.      The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure

18    § 581 when no party appears for trial.

19    **STIPULATIONS TO CONTINUE TRIAL**

20    6.      Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.

21    § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing

22    good cause or articulating any reason or justification for the change. To continue or advance a

23    trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation

24    to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

25    on the court's website, Personal Injury Court link). The PI Courts schedule FSCs at 10:00 a.m.,

26    eight court days before the trial date. Parties seeking to continue the trial and FSC dates shall

27    file the stipulation at least eight court days before the FSC date. Parties seeking to advance the

28    trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

2020-SJ-002-00

1   FSC date (C.C.P. § 595.2;  Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date,

2   parties should avoid setting on any Monday, or the Tuesday following a court holiday.  Parties

3   may submit a maximum of two stipulations to continue trial, for a total continuance of six

4   months. Subsequent requests to continue trial will be granted upon a showing of good cause by

5   noticed motion.  This rule is retroactive so that any previously granted stipulation to continue

6   trial will count toward the maximum number of allowed continuances.

7   **NO CASE MANAGEMENT CONFERENCES**

8   7.      The PI Courts do not conduct case management conferences.  The parties need not file a

9   Case Management Statement.

10  **LAW AND MOTION**

11  8.      Any and all electronically-filed documents must be text searchable and bookmarked.

12  (*See* operative General Order re Mandatory Electronic Filing in Civil).

13  **COURTESY COPIES REQUIRED**

14  9.      Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy

15  copies of certain documents must be submitted directly to the PI Court courtrooms at the

16  Spring Street Courthouse.  The PI Courts also strongly encourage the parties filing and

17  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

18  or more three-ring binders organizing the courtesy copy behind tabs.  Any courtesy copies of

19  documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)).  All

20  deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits

21  (C.R.C. Rule 3.1116(c)).

22  **RESERVATION HEARING DATE**

23  10.     Parties must reserve hearing dates for motions in the PI Courts using the Court

24  Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).   After

25  reserving a motion hearing date, the reservation requestor must submit the papers for filing with

26  the reservation receipt number printed on the face page of the document under the caption and

27  attach the reservation receipt as the last page. Parties or counsel who are unable to utilize the

28  online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

1    Friday, between 3:00 p.m. and 4:00 p.m.

2    **WITHDRAWAL OF MOTIONS**

3    11.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court
4    immediately if a matter will not be heard on the scheduled date.  In keeping with that rule, the
5    PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to
6    the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not
7    needlessly prepare tentative rulings for these matters.

8    **DISCOVERY MOTIONS**

9    12.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to
10   resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another
11   attorney with full authority to make binding agreements, must attend in person.  The PI judges
12   have found that, in nearly every case, the parties amicably resolve disputes with the assistance
13   of the Court.

14   13.    Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to
15   Discovery will be heard unless the moving party submits evidence, by way of declaration, that
16   the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in
17   an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for
18   noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a
19   motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because
20   of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for
21   filing a motion to compel further discovery responses in order to allow time to participate in an
22   IDC.

23         If parties do not stipulate to extend the deadlines, the moving party may file the motion
24   to avoid it being deemed untimely.   However, the IDC must take place before the motion is
25   heard so it is suggested that the moving party reserve a date for the motion hearing that is at least
26   60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery
27   Responses are heard at 10:00 a.m. If the IDC is not productive, the moving party may advance
28   the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  that complies with the notice requirements of the Code of Civil Procedure.

2  14.    Parties must reserve IDC dates in the PI Courts using CRS, which is available online at

3  www.lacourt.org (link on homepage).  Parties must meet and confer regarding the available dates

4  in CRS prior to accessing the system.  After reserving the IDC date, the reservation requestor

5  must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form

6  LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt

7  as the last page.  The opposing party may file and serve a responsive IDC form, briefly setting

8  forth that party's response, at least ten court days prior to the IDC.

9  15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to

10  resolve other types of discovery disputes.

11  **EX PARTE APPLICATIONS**

12  16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14  "immediate danger," or where the moving party identifies "a statutory basis for granting relief

15  ex parte" (C.R.C. Rule 3.1202(c)).  The PI Courts have no capacity to hear multiple *ex parte*

16  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

17  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

18  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

19  relief, the moving party should reserve the earliest available motion hearing date (even if it is

20  after the scheduled trial date) and file a motion to continue trial.  Parties should also check

21  CRS from time to time because earlier hearing dates may become available as cases settle or

22  hearings are taken off calendar.

23  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24  17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")

25  Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated

26  Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's

27  website under the PI Courts link).  The PI Courts will transfer a matter to an IC Court if the case

28  is not a "Personal Injury" case as defined in this Order, or if it is "complicated."  In determining

2020-SJ-002-00

whether a personal injury case is "complicated" the PI Courts will consider, among other things, the number of pretrial hearings or the complexity of issues presented.

18.     Parties opposing a motion to transfer have five court days to file an Opposition (using the same LACIV 238 Motion to Transfer form).

19.     The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**FINAL STATUS CONFERENCE**

20.     Parties shall comply with the requirements of the PI Courts' operative Standing Order Re Final Status Conference, which shall be served with the summons and complaint.

**JURY FEES**

21.     Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint (C. C. P. § 631, subd. (c)(2)).

**JURY TRIALS**

22.     The PI Courts do not conduct jury trials. On the trial date, a PI Court will contact the Master Calendar Court, Department One, in the Stanley Mosk Courthouse. Department One will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal Courtrooms.

**SANCTIONS**

23.     The Court has discretion to impose sanctions for any violation of this general order (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

Dated:  _Feb. 24, 2020_

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

Page 7 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-004-00

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Corina Albino

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | THIRD AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective January 13, 2020) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS August 9, 2019 STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

1. **PURPOSE OF THE FSC**

    The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

///

Page 1 of 6

## 2. TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

### A. TRIAL BRIEFS (OPTIONAL)

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

### B. MOTIONS IN LIMINE

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C. JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

### D. JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

### E.   LIST OF PROPOSED JURY INSTRUCTIONS
###       (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

### F.   JURY INSTRUCTIONS
###       (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

### G.   JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

### H.   JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### I.   PAGE AND LINE DESIGNATION FOR
###       DEPOSITION AND FORMER TESTIMONY

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following: 1) the page and line designations of the deposition or

1  former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto,

2  and 5) the Court's ruling.

3  **3.    EVIDENTIARY EXHIBITS**

4      The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at

5  the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,

6  organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the

7  witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written

8  description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties

9  have a joint signed exhibit list and electronic copies of their respective exhibits, then the

10  parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit

11  binders will be required by the assigned trial judge when the trial commences.  In the absence of

12  either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced

13  by all parties/counsel at the FSC.

14  **4.    TRIAL BINDERS REQUIRED IN THE PI COURTS**

15      The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the

16  following for inspection at the FSC) the Trial Documents consisting of conformed copies (if

17  available), tabbed and organized into three-ring binders with a table of contents that includes the

18  following:

19        Tab A:      Trial Briefs (Optional)

20        Tab B:      Motions in Limine

21        Tab C:      Joint Statement to Be Read to the Jury

22        Tab D:      Joint Witness List

23        Tab E:      Joint List of Jury Instructions (identifying the agreed upon and contested

24                      instructions)

25        Tab F:      Joint and Contested Jury Instructions

26        Tab G:      Joint and/or Contested Verdict Form(s)

27        Tab H:      Joint Exhibit List

28

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and
            Former Testimony

Tab J:      Copies of the Current Operative Pleadings (including the operative complaint,
            answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

**5.      FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: _Feb. 24, 2020_

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

2020-SJ-003-00

**FILED**
Superior Court of California
County of Los Angeles

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy



## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO PERSONAL INJURY COURTROOMS AT THE SPRING STREET COURTHOUSE | ) FIFTH AMENDED STANDING ORDER<br>) RE: MANDATORY SETTLEMENT<br>) CONFERENCE<br>) (Effective February 24, 2020)<br>) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court ("Court") HEREBY AMENDS AND SUPERSEDES THE September 26, 2019 FOURTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING FIFTH AMENDED STANDING ORDER:

The Court orders the parties to participate in a Mandatory Settlement Conference ("MSC") supervised by a Personal Injury Court Judge and staffed by volunteer settlement attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, and the Consumer Attorneys Association of Los Angeles.

1.  Plaintiff's counsel shall, within two (2) court days of the Court's order of an MSC, access the Consumer Attorneys Association of Los Angeles ("CAALA") website, at www.caala.org, and under "The LASC COURT CONNECTION" click on "LA Superior Court PI MSC (Parties)," to register and schedule a mutually agreed upon time for the MSC prior to the trial date.

2.  A mandatory settlement conference statement shall be served on all parties not less than five (5) court days before the scheduled MSC. Parties' counsel shall serve

1

2020-SJ-003-00

opposing counsel, CAALA at stuart@caala.org, and the Court by email.   Email addresses for the PI courtrooms can be found on the Court's website at www.lacourt.org, under "*Division*" go to "*Civil*", then go to "*General Jurisdiction PI Court*" then click on "*PI Courtroom Email Addresses*".  CAALA will forward the mandatory settlement conference statements to the settlement attorneys.

3.  Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior Court Rule 3.25(d), trial counsel, the parties and persons, including insurance company representatives with full settlement authority, must attend in person unless the settlement judge excuses personal appearance for good cause.

4.  If the case settles prior to the scheduled MSC, Plaintiff's counsel shall notify the specific Courtroom, forthwith, of such settlement by email and also CAALA by email to stuart@caala.org.

5.  Parties and counsel are ordered to appear in in the assigned Personal Injury Courtroom at the scheduled time and date of the MSC as selected by the parties' counsel.

6.  The Court has the discretion to require any party and/or counsel who fails or refuses to comply with this order to show cause why the Court should not impose monetary sanctions.

Dated:  Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

2

FIFTH AMENDED STANDING ORDER – MANDATORY SETTLEMENT CONFERENCE

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a Resource List Mediation... for mediation at reduced cost or no cost (for selected cases).

* **ADR Services, Inc.** Case Manager: patricia@adrservices.com (310) 201-0010 (Ext. 261)
* **JAMS, Inc.** Senior Case Manager: mbinder@jamsadr.com (310) 309-6204
* **Mediation Center of Los Angeles (MCLA)** Program Manager: info@mediationLA.org (833) 476-9145
    Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them
NOTE: This program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
   * Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil
   * Free day of trial mediations at the courthouse. No appointment needed.
   * Free or low cost mediations before the day of trial
   * For free or low cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
     http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the Internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**<br>**E-MAIL ADDRESS (Optional):**<br>**ATTORNEY FOR (Name):** | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

              (INSERT DATE)                                   (INSERT DATE)

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➤  _____
     (TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____    ➤  _____
     (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤  _____
     (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤  _____
     (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤  _____
     (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

Date:

_____    ➤  _____
     (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

Date:

_____    ➤  _____
     (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

   c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

   d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

   e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐  Request for Informal Discovery Conference
    ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11       **STIPULATION AND ORDER – MOTIONS IN LIMINE**
For Optional Use                                                                  Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____          _____
                                                                      JUDICIAL OFFICER

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

   a) Trial Court Records

   Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

   b) Represented Litigants

   Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

   c) Public Notice

   The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d)  Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a)  The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed.  A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b)  Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i) Any printed document required pursuant to a Standing or General Order;

    ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii) Pleadings and motions that include points and authorities;

    iv) Demurrers;

    v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi) Motions for Summary Judgment/Adjudication; and

    vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

---

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL